*EXHIBIT "A"*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
14 DEC 2018 02:59 pm

| | | |
|---|---|---|
| Cody Coleman | : | Docket No. |
| | : | |
| | : | **COMPLAINT IN CIVIL ACTION** |
| | : | |
| Plaintiff | : | Filed on Behalf of Plaintiff |
| v. | : | |
| | : | Counsel of Record for this Party: |
| Milwaukee Tool, Inc. | : | Michael Boland |
| Defendant, | . | Pa. I.D. No. 319999 |
| | : | 777 S. Broad Street #208 |
| | : | Philadelphia, PA 19147 |
| | : | mbolandlegal@gmail.com |
| | : | *Attorney for Plaintiff* |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o

sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
~~TTY (215) 451-6197~~

Case ID: 181201016

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## PENNSYLVANIA

| Cody Coleman | | |
|---|---|---|
| | | Docket No. |
| | | **COMPLAINT IN CIVIL ACTION** |
| | Plaintiff | Filed on Behalf of Plaintiff |
| V. | | |
| Milwaukee Tool, Inc. | | Counsel of Record for this Party: |
| | | Michael Boland |
| | Defendant, | Pa. I.D. No. 319999 |
| | | 777 S. Broad Street #208 |
| | | Philadelphia, PA 19147 |
| | | mbolandlegal@gmail.com |
| | | *Attorney for Plaintiff* |

### COMPLAINT

1. Plaintiff, Cody Coleman, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 311 Marshall Drive, Reading, Pennsylvania 19607.

2. At all times relevant hereto, Defendant Milwukee Tool, Inc. a/k/a d/b/a Milwaukee Tools ("Milwaukee") is alleged and therefore averred to be a business entity, licensed to transact business in the Commonwealth of Pennsylvania and organized under the laws of the Commonwealth of Pennsylvania. The business operates under the name Milwaukee Tool. Milwaukee's principal place of business is 13135 West Lisbon Road, Brookfield, WI, 53005-2550.

3. Defendant Milwaukee was and still is in the business of manufacturing, designing, marketing, selling, distributing, and placing into the stream of commerce rotary drills and/or rotary hammers known as SDS-MAX.

4 Defendant Milwaukee manufactured, designed, marketed, sold and distributed the SDS-MAX for sale and use by the general public, including to Plaintiff Cody Coleman.

5. Prior to June 29, 2017, Defendant Milwaukee caused, directly or indirectly, the SDS-MAX to enter the stream of commerce.

6. Defendant Milwaukee was and is under a duty to advise and/or warn the public and/or consumers and/or owners of defects in and/or damages in the use of its product, even after the sale of its products.

7. At all times material, Defendant named herein regularly conducted business within the City of Philadelphia by way of distributing, marketing and selling products within the City of Philadelphia. Said Defendants maintained contacts within the City of Philadelphia of such quality and quantity that venue is proper in the city of Philadelphia.

8. Prior to June 29, 2017, Defendant Milwaukee was and still is in the business of selling goods to the public

9. Prior to June 29, 2017, The SDS-MAX was sold, distributed, and/or placed into the stream of commerce to the general public by Defendant Milwaukee.

10. Prior to June 29, 2017, Plaintiff or his employer purchased the SDS-MAX, from Defendant Milwaukee Tool.

11. On or around June 29, 2017, Plaintiff Cody Coleman was in possession of the SDS-MAX

12. On or around June 29, 2017, Plaintiff was using the products in an ordinary and reasonable fashion, when the device malfunctioned and spun striking the Plaintiff in the face in front of his right-ear ("the injury").

13 Plaintiff did not see any warnings printed on or attached to the product.

14. Plaintiff did not modify the product between the time it was purchased and the date of the incident in any way.

15. After the injury, Plaintiff went in private transportation to Saint Joseph's Emergency Room in Reading, Pennsylvania to treat the injuries he sustained as a result of the SDS-MAX malfunction.

16. As a result of the injury, Plaintiff received nine stitches to stabilize the laceration on his posterior cheek.

17. Plaintiff sustained serious and permanent injuries to his face, including scarring and hair loss. Plaintiff also suffered from dizziness, severe headaches, and other physical and mental injuries

18. As a further result of the aforesaid incident, Plaintiff, Cody Coleman, has suffered severe physical pain and trauma, mental upset, loss of memory, anguish and humiliation, and may continue to suffer the same for an indefinite time into the future on a permanent basis

19. As a further result of the aforesaid incident, the Plaintiff, Cody Coleman, has suffered a diminution in his ability to enjoy life and life's pleasures, all of which will continue indefinitely into the future on a permanent basis.

20. This accident resulted solely from the negligence and carelessness and/or breach of warranties of the aforementioned Defendant, their agents, ostensible agents, servants, workmen, employees, and/or independent contractors acting jointly and/or severally in the course of their employment, and was due in no manner whatsoever to any act or omission on the part of the Plaintiff.

## COUNT I
## CODY COLEMAN VS. MILWAUKEE
## NEGLIGENCE

21.     Plaintiff incorporates by reference paragraphs 1 through 20 inclusive, as if the same were set forth fully herein

22.     The negligence and carelessness of the Defendants, their agents, servants, workmen, and/or employees which caused the above injuries to the Plaintiff consist of, but are not limited to, the carelessness and negligence of the Defendants in the design, assembly, manufacture, marketing, sale, distribution, inspection, testing, and/or maintenance of the products manufactured, marketed, sold and distributed by Milwaukee, in, among other things:

   a. defectively designing and manufacturing the aforesaid products;

   b. in designing and manufacturing the aforesaid products so as to be dangerous in the ordinary course of use.

   c. in designing and manufacturing the aforesaid products in manner so as to increase the risk of malfunction and/or spinning of the SDS-MAX

   d. in failing to use a proper material in the design and manufacture of the aforesaid products;

   e  in failing to select a proper material for the design of the SDS-MAX;

   f. in causing and/or allowing the SDS-MAX to spin around when in use;

   g. in causing and/or allowing the SDS-MAX to operate without a clutch

   h. in failing to prevent and/or protect against a malfunction;

   i. in failing to use proper and/or adequate protection measures, materials and/or guards;

   j. in failing to adequately test said Products;

k.  in failing to ensure that the aforesaid products were safe for use by the general public and, more particularly, the Plaintiff herein;

l.  in failing to warn of the dangers and hazards of using and/or carrying said products;

m.  in failing to provide warnings or information despite knowledge of the dangers and hazards of said products;

n.  in failing to conform with industry regulations and standards;

o.  in failing to provide warnings which were sufficient so as to alert the ultimate user, and in particular Plaintiff, of the dangers inherent in said products;

p.  in failing to place warnings in a proper and prominent location;

q.  in failing to place warnings in a location so as to enable ease of reading and comprehension;

r.  in failing to conform with industry regulations and standards;

s.  in selling and distributing for use by the general public and placing into the stream of commerce an unsafe and unreasonably dangerous product;

t.  in causing the occurrence complained of herein;

u.  in violating all applicable rules regulations and standards; and

v.  otherwise careless and negligent conduct.

23   As a result of Defendants' carelessness and negligence, Plaintiff was caused to sustain the injuries stated above. The injuries were caused solely by the carelessness and negligence of Defendants, without any fault or negligence on the part of Plaintiff Cody Coleman contributing thereto.

WHEREFORE, Plaintiff, Cody Coleman, demands judgment against Defendant Milwaukee, their agents, servants, workmen and/or employees, in an amount in excess of Fifty

Thousand ($50,000.00) Dollars.

## COUNT II
## CODY COLEMAN VS. MILWAUKEE
## STRICT LIABILITY

24. Plaintiff hereby incorporates paragraphs 1 through 23 inclusive, as if the same were set forth fully herein.

25. Defendants packaged, sold, distributed, and/or placed their above mentioned products into the stream of commerce when they knew, or had reason to know, that said products would cause serious injuries if they were not reasonably safe for use by members of the general public and Plaintiff in particular.

26. The ordinary and foreseeable use of Defendants' products constituted a dangerous and unreasonable risk of injury to members of the public at large, and particularly to Plaintiff.

27. The products were defective in that they caused severe injuries to be sustained by the Plaintiff when being used for the intended purpose and in the foreseeable manner.

28. As a result of the foregoing, Plaintiff was caused to sustain the injuries set forth above while using the products for the intended purpose and in a foreseeable manner.

29. The injuries sustained by Plaintiff were the direct result of the defective and dangerous conditions existing at the time that Defendants packaged, sold, distributed, and/or placed their above mentioned products into the stream of commerce

30. Defendant are strictly liable pursuant to Section 402(a) of the Restatement of Torts, Second as said products were defective and unreasonably dangerous at the time they were distributed and Defendants failed to warn Plaintiff and other perspective users of the aforementioned defects and dangers.

Case ID: 181201616

31. Prior to Plaintiff's injury and/or use of Defendants' products, Defendants knew or should have known with adequate inspection and/or testing that their products were defective and unreasonably dangerous and could not be used safely for the purposes which they were intended

32. Defendants knew or should have known that continued sale and use of their products would result in further injuries to persons such as Plaintiff.

33. Defendants' products also failed to contain proper warnings and instructions regarding the use of and all dangers associated with the use and operation of their products.

WHEREFORE, Plaintiff, Cody Coleman, demands judgment against all Defendants, their agents, servants, workmen and/or employees, in an amount in excess of Fifty Thousand ($50,000.00) Dollars

## COUNT III
## JESSE TUDOR VS. ALL DEFENDANTS
## BREACH OF WARRANTY

34. Plaintiff hereby incorporates paragraphs 1 through 53 inclusive, as if the same were set forth fully herein.

35. Defendants expressly and impliedly warranted that their products were safe, of merchantable quality, and fit for the particular purposes for which they were made. However, Defendants' products were dangerous, defective, not of merchantable quality, and were not fit for their intended purposes. The products had dangerous propensities when used in the reasonable, foreseeable and intended manner that caused severe injuries to the user.

36. Defendants' breach of contract/warranty consisted, among other things, of selling defective and dangerous products.

37 The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiff as set forth above.

WHEREFORE, Plaintiff, Cody Coleman, demands judgment against all Defendants, their agents, servants, workmen and/or employees, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

I. Declare that Defendant should be required to compensate the Plaintiff in an amount in excess of $50,000 for his injuries described herein;

II. Punitive damages based on the wanton disregard to the Plaintiff described in Counts I-III as the Honorable Court deems appropriate to deter Defendant from engaging in such grossly negligent conduct coupled with refusal to adhere to obligations under the law in the future;

III. Reasonable attorney's fees as the Honorable Court deems appropriate;

IV. Award Plaintiff such other and further relief as equity may require, including, but not limited to, further declaratory judgment and injunctive relief against Defendant.

Respectfully Submitted,

*/s/ Michael Boland*
Michael Boland
ID# 319999
777 S. Broad Street #208
Philadelphia, PA 19147
(610)781-4885

Case ID: 181201616

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### PENNSYLVANIA

| Cody Coleman | : | |
|---|---|---|
| | : | |
| | : | **VERIFICATION** |
| | : | |
| Plaintiff | : | Filed on Behalf of Plaintiff |
| | : | |
| v. | : | |
| | · | Counsel of Record for this Party: |
| Milwaukee Tool, Inc | · | Michael Boland |
| Defendant, | : | Pa. I.D. No. 319999 |
| | : | 777 S. Broad Street #208 |
| | : | Philadelphia, PA 19147 |
| | : | mbolandlegal@gmail.com |
| | · | *Attorney for Plaintiff* |

### **VERIFICATION**

I, Cody Coleman, am the Plaintiff in this action, and hereby state that the facts set forth in the Complaint ▆▆▆▆▆▆▆▆▆▆▆ are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalities for unsworn falsification to authorities.

*[signature]*

Cody Coleman



Michael Boland, Esq.
777 S. Broad Street
#208
Philadelphia, PA 19147

Milwaukee Tool
13135 West Lisbon Road
Brookfield, WI 53005-2532